## THOMAS WILTSIE, RESPONDENT, v. JAMES EADDIE AND WILLIAM R. EADDIE, APPELLANTS.

*Practice—Referee's Report—Findings of Fact.*

An exception that a referee has not found specifically upon certain questions of fact is not well taken. A referee is required to find upon issues only, and not upon evidence.

THE Plaintiff brought his action against the Defendants, alleging that he was engaged as a warehouseman, and forwarded on the Erie Canal, in 1859; and that the Defendants employed him to receive at, and ship from his warehouse, to the city of New York, a quantity of potatoes, for which they promised to pay him a reasonable compensation.

The Defendants denied these allegations. Conflicting evidence was given upon the question, whether the service was rendered by the Plaintiff on his own account, or as administrator of one Butler, and in pursuance, and in fulfilment of a contract made between him and the Defendants.

The referee found for the Plaintiff, and the General Term of the Seventh District affirmed the judgment entered upon his report.

The Defendants now appeal to this Court.

*James L. Angle* for the Appellants.

*W. C. Rowley* for Respondent.

HUNT, J.—After hearing the testimony produced by the parties, the referee found, as matter of fact, that at the time the potatoes were shipped, the Plaintiff was himself engaged in the business of warehouseman and forwarder; that he received and shipped from the warehouse occupied by him, and for the Defendants, thirteen thousand one hundred and twenty-seven bushels, and two thousand six hundred and twenty-five barrels of potatoes.

He found the value of the service, and made his report for the

31

amount due to the Plaintiff from the Defendants upon this theory of the facts.

The Defendants ask a reversal of the judgment, on the ground that the referee refused to find specifically upon the question, whether the Plaintiff, before he received and shipped the potatoes in question, had information of the existence of a contract between one Butler, then deceased, and the Defendants, for receiving and shipping the same potatoes. The question was sharply litigated before the referee, whether the Plaintiff received and shipped the potatoes in question, acting as the administrator of Mr. Butler, or whether it was his individual transaction.

The question was independent, inasmuch as the Defendants claimed to have paid Butler, in full, for the same service for which the Plaintiff sought compensation in this action. As a fact of a chain of evidence against the Plaintiff, the testimony embraced in the question upon which the referee was then asked to find, was obviously material. No complaint is made of the exclusion of the evidence, as it was all received and considered by the referee.

The complaint that the referee has not found specifically upon the question suggested, is not well taken, and for two reasons: First, the referee is required to find and report upon the issues only, and not upon the evidence (Code, § 272). He must " state the facts found by him." Thus, he was bound to determine and report upon the question, whether the parties to this action entered into the contract set forth in the complaint. That was a precise issue before him. But he was not bound to say whether he believed the statements of a particular witness, or what his decision would have been if he had believed him, or disbelieved him. He was not bound to " state " whether a particular link in the chain of the evidence of either party existed or was wanting. Such is the character of the complaint now under consideration. As an independent question, it was not of the least importance whether the Plaintiff was aware that a contract for the shipment of potatoes existed between the Defendants and the deceased. It was only important as bearing upon the question in issue, viz.:

whether a contract existed between the parties to the action, as set forth in the complaint. The referee has found, distinctly, upon that point, that such a contract did exist. That was, itself, a question of fact; and he further found that the service sued for was not rendered in fulfilment of Butler's contract. He is not called upon to find or explain the means and processes by which he arrived at that conclusion. When the referee decided and " stated " the contract thus made between the parties to this action, and that the service rendered was in fulfilment of that contract, he decided and " stated " all that was necessary on that branch of the case.

But again; the question referred to the referee for his decision was a question of fact, and can only come before this Court for its consideration, when the judgment of the referee has been reversed on a question of fact, and the order of reversal so certifies (Code, § 272). In the present case, the judgment of the referee was affirmed.

If the point of fact which, it is complained, was not decided, had been upon the main issue, it would not have been within our power to review it.

Under such circumstances, we can only review the decision of the General Term, when the referee decided without any evidence, or against all the evidence on the point. In the present case, the Plaintiff expressly denied any knowledge of a contract between the Defendants and the deceased, except as to the potatoes raised on Bullen farm. Each of these reasons is conclusive against the Appellants' claim, and they furnish an answer to the other points of the Appellants, to wit: that the referee declined to report whether both parties supposed that Wiltsie was acting in behalf of the estate, and also in relation to the receipt of the $7.00, and the application of the same; and also as to what took place upon the settlement of the accounts of the Plaintiff, as administrator of Mr. Butler.

These are questions of fact, and questions of evidence simply. The referee found that a contract was made between the parties to this action, by the service which was rendered by the Plaintiff for the Defendants, and which service was rendered by him in his

individual capacity, and not as administrator. He properly held that the law implied a promise, from these facts, that the Defendants would pay to the Plaintiff the value of the service rendered.

The judgment should be affirmed.

All concur.