SILAS DAVIS et al., Appellants, *v.* LOUIS LEOPOLD et al., Respondents.

Where it does not appear in an order of General Term reversing a judgment entered upon the report of a referee, that the reversal was upon questions of fact, the only inquiry on appeal from the order to this court is whether it rests upon any error of law. (Code, § 1338.)

Where a request to find presents more than one proposition, a referee is not bound to analyze it and pass upon the several parts separately.

When a conveyance is made by a husband, through a third person, to his wife, which is fraudulent as to the creditors of the husband, and the wife is a party to the fraud, she is not entitled to protection for any sum paid or liability incurred by her; the conveyance is absolutely void, and is not permitted to stand as security for any purpose of indemnity or reimbursement.

(Argued October 17, 1881; decided November 22, 1881.)

THIS action was brought by plaintiffs, as judgment creditors of the defendant Louis Leopold, to set aside conveyances by him to defendant Schneider, and by the latter to defendant Katharine, the wife of Leopold; also a mortgage executed by her to defendant Whittle, on the ground that they were fraudulent and void as to creditors. The referee found the fraudulent intent alleged, and that the wife participated therein. The judgment entered upon his report was reversed by the General Term; the order did not state that it was upon questions of fact.

The following, which is the body of the opinion, gives other facts, as well as the grounds of the decision:

"The facts found by the referee justify the relief sought, and as it does not appear that the judgment entered by his direction was reversed by the General Term upon questions of fact, we have only to inquire whether it rests upon any error in law. (Code, § 1338.) It may be conceded, as claimed by the defendant's counsel, that the deed from the debtor to Schneider, and from the latter to the debtor's wife, should be treated as one transaction, having for its object the transfer of the legal title of the premises from the debtor to his wife. But it was lodged there, the referee finds, not to benefit the wife or to discharge an obligation due to her, but

to hinder, delay and defraud the husband's creditors. He also finds that in this design both husband and wife participated. If in fact, therefore, as the respondents claim, she paid $10 and agreed to assume an existing mortgage, both acts, upon the same finding, were in furtherance of this design and are affected by it. The mortgage to Whittle is equally infected. Executed without consideration, and with the same fraudulent intent, the mortgagee can have no better right than the grantor had. (*Bush* v. *Lathrop*, 22 N. Y. 538.) Upon the merits, therefore, the plaintiffs were entitled to recover. Nor did the referee err in his answers to the defendants' request for additional findings. They are numbered from one to thirty. It is claimed that the answers to some are evasive, because the referee has said: 'Not found as stated.' We are unable to see any difference between this answer and the shorter one, 'not found.' The meaning is the same. The referee by either form of words declines to adopt the proposition submitted to him. This was sufficient. He was not bound to analyze it and pass upon its several parts separately. No doubt the payment of money and the assumption of a mortgage were to be considered. Those facts were not, however, conclusive, nor were they decisive of the case. With others they constituted a single transaction resulting in the deed. The referee has found that it was executed 'fraudulently and for a merely nominal consideration, and for the purpose already adverted to. The defendants did not set up a purchase for a consideration, but denying the fraud alleged in the complaint, averred that the conveyance 'was in payment and satisfaction of a debt due from the husband, and in fulfillment of a previous promise made by him; and her agreement to pay certain mortgages and incumbrances upon the property.' These averments are negatived by the referee, and his finding that the consideration was merely nominal would not have been modified or strengthened to the benefit of the defendant if he had found as requested, 'that the consideration was the nominal sum of $10.' The issue — the question of fact — presented by the pleadings was fairly met by the referee and it was not necessary to pass specifically upon every circumstance, unless it was material to that issue. If it was true under the findings that Mrs. Leopold was entitled to protection

for the sum paid or the liability assumed, it would indeed be necessary to state the precise amount. But she was a guilty participant in the fraud, and not to be cared for. The transaction itself is to be nullified. (*Union Nat. Bk. of Albany* v. *Warner*, 12 Hun, 306; *Shand* v. *Hanley*, 71 N. Y. 319; *Savage* v. *Murphy*, 34 id. 508.) These cases follow and illustrate the rule laid down by Chancellor KENT, at a very early day, in *Boyd* v. *Dunlap* (1 Johns. Ch. 478), that a deed fraudulent in fact is absolutely void, and is not permitted to stand as a security for any purpose of reimbursement or indemnity. The case referred to by the respondent (*Van Wyck* v. *Baker*, 16 Hun, 168) states the distinction between one who occupies the position of a guilty vendee and one unaffected by notice. To the former the law affords no protection; the latter may hold his position until repaid moneys advanced."

*F. E. Blackwell* for appellant.

*Cornelius A. Runkle* for respondent.

DANFORTH, J., reads for reversal of order of General Term, and for affirmance of judgment entered on report of referee.
All concur.
Judgment affirmed.