### BOHLEN v. METROPOLITAN EL. R. CO. et al.

#### (Superior Court of New York City, General Term. May 4, 1891.)

1. TRIAL BY COURT—FINDINGS.

Defendants submitted 35 proposed findings of fact by the court. Code Civil Proc. § 1023, provides that a "statement" of proposed findings by the court "must be in the form of distinct propositions of law or of fact, or both, separately stated; each of which must be numbered, and so prepared * * * that the court may conveniently pass upon it;" and that the court "must note in the margin of the statement the manner in which each proposition has been disposed of." Held, under said provision, that it was not necessary for the court to note its ruling in the margin of each of said 35 propositions, and that the fact that the record showed that the judge did pass on all said requests was sufficient.

2. REVIEW ON APPEAL—HARMLESS ERROR.

In an action for damages to easements caused by an elevated railroad, objections to the testimony of a witness as to the value of the premises, which do not sufficiently indicate the error to enable the appellant to raise the point intended, the appellant itself having violated the same rule during the trial, will not be regarded upon appeal, abundant evidence of an unobjectionable character having been given establishing such damage.

Appeal from special term.

Action by Henry Bohlen against the Metropolitan Elevated Railway Company and the Manhattan Railway Company to restrain the continuance of the defendants' elevated road in front of the plaintiff's premises on Second avenue, in New York. It was the ordinary suit by an abutting owner, and the judgment is in the usual form, restraining the defendants from operating their road, unless within a specified time they shall pay the sum of $3,500, and obtain a grant and release of the easement. The judgment also awards $4,623 past damages. The defendants appeal.

For former report, see 9 N. Y. Supp. 424.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

Davies & Rapallo, (Julien T. Davies and J. C. Thompson, of counsel,) for appellants. Sackett & Bennett, (Charles Gibson Bennett, of counsel,) for respondent.

McADAM, J. The defendants' counsel claims that the trial judge erred in refusing or neglecting to note in the margin his ruling upon each of the 35 proposed findings of fact and 15 proposed conclusions of law submitted by the defendants, and that a general ruling that the court refuses to find, except in the particular instances in which it has specially found as requested, will not suffice as a compliance with Code, § 1023, and this is assigned as one reason for reversing the judgment appealed from. It does not appear that the trial judge refused to note his ruling on each separate request, nor was any order entered embodying his decision upon the subject. The record on appeal shows that the trial judge did pass on all the requests submitted to him. He found the thirty-fourth, and declined to find the others, and this is sufficient. Davis

v. *Leopold,* 87 N. Y. 620.   Some of the requests were to pass on the effect of evidence, rather than upon the issues, which is improper practice, (*Wiltree* v. *Eddie,* 4 Trans. App. 481;) yet the trial judge in a general way passed upon all the requests submitted, and that is sufficient for all practical purposes.   A more important phase of the case is that presented by the admission of evidence at folios 377 to 382.   The witness Curtis, a real-estate broker, testified that, in his judgment, the present fair selling or fee value of the property, affected as it now is by the structure of the elevated railroad and the operation on it of the steam railway, is about $18,000.   These questions. and rulings followed: "*Question.* Please to state what, in your judgment, would be the fair selling or fee value of the same premises if they were unaffected by the structure of the elevated railway or the operation on it of a steam railway.   (Defendants' counsel objected to the question as hypothetical, speculative, and incompetent.   The court overruled the objection, and counsel for defendants duly excepted.)   *Answer.* $20,500 to $22,000.   *Q.* In about May, 1882, what, in your judgment, was the fair rental value of the premises, affected as they then were by the structure of the elevated railroad, and the operation upon it of steam-cars?   *A.* About $1,640.   *Q.* What, in your judgment, would have been the rental value of those same premises if unaffected by the structure of the elevated railroad, and the operation upon it of steam-cars?   (Defendants' counsel objected to the question.   The objection was overruled by the court, and defendants' counsel duly excepted.)   *A.* About $2,150.   Down to May 1, 1888, I think the difference in rental values, with and without the effects of the elevated railway, continued substantially the same.   In my judgment, the fair rental value of those premises to-day, affected, as they are, by the structure and operation of the road, is about $1,800.   *Q.* What, in your judgment, would be the fair rental value of those same premises if unaffected by the construction of the elevated railway, and its. operation.   (Defendants' counsel objected to the question.   The court overruled the objection, and defendants' counsel duly excepted.)   *A.* About $2,200."

It is claimed that under *McGean* v. *Railway Co.,* 117 N. Y. 219, 22 N. E. Rep. 957, and *Avery* v. *Railroad Co.,* 121 N. Y. 31, 24 N. E. Rep. 20, the evidence referred to was improperly admitted.   In the *McGean Case* the questions put, objections taken to them, and rulings thereon were quite similar to those here.   The court, while of opinion that the testimony should not have been received, held that the objections to it did not sufficiently point out the error to enable the appellant to raise the point intended, and that it was ungracious on the part of the defendants to insist upon a rule which they themselves had violated during the course of the trial.   The same thing is true here.   The judgment in that case was affirmed.   The *Avery Case* is of the same tenor and effect.   Neither case seems to require a reversal of the judgment appealed from.   In this as in the *McGean Case,* abundant evidence of an unobjectionable character as to damage was given, so that the alleged error was harmless, and resulted in no prejudice to the defendants.   In this connection a distinction must be observed between the effect produced by improper testimony admitted in a cause tried before a jury and one tried by the court alone.   On trial before a jury, evidence improperly admitted may produce an impression on the lay mind not easily removed, which may be carried by the juror into the verdict; while, on a trial by the court without a jury, the improper testimony may, upon reflection, be disregarded or stricken out, without producing any effect or causing any injury whatever.   This case is within the rule stated.   The evidence sufficiently sustains the findings of the trial judge.   No error was committed during the trial to the detriment of the defendants, and the judgment must be affirmed, with costs.   All concur.