McAdam, J.
—The defendant’s counsel claims that the trial judge erred in refusing or neglecting to note in the margin his ruling upon each of the thirty-five proposed findings of fact and fifteen proposed conclusions of law submitted by the defendants, and that a general ruling that the court refuses to find except in the particular instances in which it has specially found as requested, will not suffice as a compliance with the Code, § 1023, and this is assigned as one reason for reversing the judgment appealed from.
It does not appear that the trial judge refused to note his ruling on each separate request, nor was any order entered embodying *152 his decision upon the subject. The record on appeal shows that the trial judge did pass on all the requests submitted to him. He found the thirty-fourth and declined to find the others, and this is sufficient. Davis v. Leopold, 87 N. Y., 620. Some of the requests were to pass on the effect of evidence rather than upon the issues, which is improper practice, Wiltsie v. Eeddie, 4 Trans. App., 481, yet the trial judge in a general way passed upon all the requests submitted, and that is sufficient for all practical purposes.
A more important phase of the case is that presented by the admission of evidence, at fols. 377 to 382. The witness Curtis, a real estate broker, testified that in his judgment the present fair selling or fee value of the property, affected as it now is by the structure of the elevated railroad and the operation on it of the steam railway, is about $18,000. These questions and rulings followed:
Q. Please to state what, in your judgment, would be the fail-selling or fee value of the same premises if they were unaffected by the structure of the elevated railway or the operation on it of a steam railway ?
Defendants’ counsel objected to the question as hypothetical, speculative and incompetent. The court overruled the objection and counsel for defendants duly excepted.
A. $20,500 to $22,000.
Q. In about May, 1882, what, in your judgment, was the fail-rental value of the premises, affected as they then were by the structure of the elevated railroad and the operation upon it of steam cars? A. About $1,640.
Q. What, in your judgment, would have been the rental value of those same premises if unaffected by the structure of the elevated railroad and the operation upon it of steam cars ?
Defendants’ counsel objected to the question. The objection was overruled by the court and defendants’ counsel duly excepted.
A. About $2,150. Down to May, 1, 1888, I think' the difference in rental values, with and without the effects of the elevated railway, continued substantially the same. In my judgment the fair rental value of those premises to-day, affected as they are by the structure and operation of the road, is about $1,800.
' Q. What, in your judgment, would be the fair rental value of those same premises, if unaffected by the construction of the elevated railway and its operation ?
Defendants’ counsel objected to the question.
The court overruled the objection, and defendant’s counsel duly excepted.
A. About $2,200.
It is claimed that under McGean v. Met. El. R. R. Co., 117 N. Y., 219 ; 27 N. Y. State Rep., 337, and Avery v. N. Y. Cent. R. R. Co., 121 N. Y., 31 ; 30 N. Y. State Rep., 471, the evidence referred to was improperly admitted. In the McGean case, the questions put, objections taken to them and rulings thereon were quite similar to those here. The court, while of opinion that the testimony should not have been received, held that the objections *153 to it did not sufficiently point out the error to enable the appellant to raise the point intended, and that it was ungracious on the part of the defendants to insist upon a rule which they themselves had violated during the counse of the trial.
The same thing is true here. The judgment in that case was affirmed. The Avery case is of the same tenor and effect. . Neither case seems to require a reversal of the judgment appealed from. In this, as in the McOean case, abundant evidence of an unobjectionable character as to damage was given, so that the alleged error was harmless, and resulted in no prejudice to the defendants. In this connection a distinction must be observed between the effect produced by improper testimony admitted in a cause tried before a jury, and one tried by the court alone.
On trial before a jury, evidence improperly admitted may produce an impression on the lay mind not easily removed which may be carried by the juror into the verdict, while on a trial by the court without a jury, the improper testimony may, upon reflection, be disregarded or stricken out, without producing any effect or causing any injury whatever. This case is within the rule stated. The evidence sufficiently sustains the findings of the trial judge; no error was committed during the trial to the detriment of the defendants, and the judgment must be affirmed, with costs.
Sedgwick, Ch. J., and Freedman, J., concur.