MORRIS FRANK, as Receiver of the Property, etc., of
RUDOLPH C. VON BAYER, Respondent, *v.* RUDOLPH
C. VON BAYER et al., Appellants.

Appeal — power of Court of Appeals to review facts — fraudu-
lent conveyance — when antecedent indebtedness is value —
transfer by husband to wife of money belonging to another
— creditors have no interest where wife paid money to one to
whom it belonged — credit for expenses essential to preserva-
tion of property — payments by wife, under orders of husband,
to creditors before attaching of any preferential lien — partici-
pation by wife in fraud forbids appropriation to her own use
of any part of moneys assigned.

1. Where conflicting inferences are possible from the facts the
power of the Court of Appeals is exhausted when it finds, in reviewing
a judgment of reversal, that some basis exists for the inferences drawn
by the Appellate Division.

2. An antecedent indebtedness is value within the meaning of the
statute (Pers. Prop. Law, § 40) sufficient to validate a transfer of
property from husband to wife as against his creditors.

3. Where part of a sum of money transferred by husband to wife
belonged to another and the wife received it, with the understanding
that she would pay it to him, which she did, to that extent the
creditors of the husband have no interest in the fund and she should
have credit, on an accounting, for her disposition thereof.

4. Expenses paid by the wife from time to time which if not met
would have defeated collection of a certain fund should be allowed as
payments essential to the preservation of the property.

5. Where, before any preferential lien or title was acquired by
plaintiff, the wife disbursed part of the money transferred to her
under orders of her husband, not for his benefit nor for hers, but for
the benefit of creditors whose debts were in existence at the time of
the assignment, credit to the extent of the money thus distributed
should have been allowed on the accounting.

6. Reimbursement must be limited, however, to the balance in
bank at the time of the assignment. Payments made, not out of the
balance, but out of the grantee's own moneys, loaned to the use of the
grantor, stand upon a different basis. She will not be permitted to
offset the loans, if unconnected with the upkeep or preservation of the
property, against subsequent collections. Her participation in the

fraud forbids the appropriation to her own use of any part of the moneys brought within her control by force of the assignment.

*Frank* v. *Von Bayer*, 205 App. Div. 298, modified.

(Argued October 9, 1923; decided November 20, 1923.)

APPEAL from a judgment, entered June 25, 1923, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term and directing judgment in favor of plaintiff upon new findings.

*Walter Carroll Low* and *Monroe J. Cahn* for appellants. The transfers of the Chase National Bank account and the moneys from the Lampton Oil deal and the Martinez claim, even if made by the husband with fraudulent intent, are not void as to the wife, if it appears that she paid a valuable consideration therefor and had no knowledge of the fraud or of facts sufficient to put her on inquiry. (*Greenwald* v. *Wales*, 174 N. Y. 140; *Lawrence Bros.* v. *Heylman*, 111 App. Div. 848; *Bailey* v. *Fransioli*, 101 App. Div. 140; Pers. Prop. Law, § 29.) If the husband was indebted to his wife at the date of the transfers, such indebtedness constituted a valuable consideration therefor. (*Lehrenkrauss* v. *Bonnell*, 199 N. Y. 240; *Hickox* v. *Cowperthwait*, 210 N. Y. 137.) Even if the transfers had been fraudulent, the amount charged against the wife was excessive. (*Hamilton Nat. Bank* v. *Halstead*, 134 N. Y. 520.)

*Russel W. Leary* and *Donald McLean Somers* for respondent. Considered as an attempted assignment for the benefit of creditors, the transfers are void because of the admitted failure to comply with the statutory requirements. (*Young* v. *Stone*, 61 App. Div. 364; 174 N. Y. 517.) If considered as a statutory assignment, they are void because the grantor retained for himself a benefit at the expense of his creditors. (*Collom* v. *Caldwell*, 16 N. Y. 484; *Kain* v. *Larkin*, 4 App. Div. 209; *Wheeler* v.

*Childs*, 22 App. Div. 613; *Wright* v. *Seaman*, 32 App. Div. 106; *Gennerich* v. *Voight*, 46 App. Div. 622; *Kerker* v. *Levy*, 206 N. Y. 109; *Ga Nun* v. *Palmer*, 216 N. Y. 603; *Walheimer* v. *Truslow*, 106 App. Div. 73; *Lawrence Bros.* v. *Heylman*, 111 App. Div. 848; 189 N. Y. 573; *First Nat. Bank* v. *Miller*, 163 N. Y. 164.) When it is shown that the transfers were made with fraudulent intent on the part of the grantor, they are void unless the grantee proves that a valuable consideration was paid therefor, and that she had no notice of the fraud, or knowledge of facts sufficient to put her on inquiry. (*Gilmour* v. *Colcord*, 96 App. Div. 358, 363; *Bailey* v. *Fransioli*, 101 App. Div. 140; *Greenwald* v. *Wales*, 174 N. Y. 140; *Lawrence Bros.* v. *Heylman*, 111 App. Div. 848; 189 N. Y. 573; *Lehrenkrauss* v. *Bonnell*, 138 App. Div. 493; Pers. Prop. Law, §§ 35, 40; *Goold Co.* v. *Mahready*, 38 Hun, 294; *Skillin* v. *Maibrunn*, 75 App. Div. 588; *Valentine* v. *Richardt*, 126 N. Y. 272.)

CARDOZO, J. The finding of the Appellate Division that the transfer from Von Bayer to his wife was made and accepted in fraud of creditors has evidence to sustain it. The inference is permissible that the purpose of the grantor was to cover up the title while retaining the dominion (*Galle* v. *Tode*, 148 N. Y. 270, 279, 280). When this purpose was made out, the burden was cast on the grantee to prove that she was a purchaser for value, in which event the plaintiff, we may assume, would have been under the necessity of showing that she had notice of the fraud (*Greenwald* v. *Wales*, 174 N. Y. 140, 144; Personal Property Law, §§ 35, 40). The opinion of the Appellate Division states that an antecedent indebtedness is not value within the meaning of the statute. Under our decisions, this is error (*Lehrenkrauss* v. *Bonnell*, 199 N. Y. 240; *Hickok* v. *Cowperthwait*, 210 N. Y. 137). But the opinion also states that the court is not satisfied that an indebtedness existed. The order goes

farther, and finds that the wife had notice of the husband's fraudulent intent, and that she participated therein. Notice in this class of cases may be inferred from circumstantial evidence though direct evidence be lacking (*Parker* v. *Conner*, 93 N. Y. 118, 124; *Greenwald* v. *Wales*, *supra*, at p. 145). Circumstances here present may fairly be interpreted as sufficient to awaken suspicion, if not knowledge, in reasonable minds. We think the appraisal of their significance was for the triers of the facts. Conflicting inferences are possible. The power of this court is exhausted when we find that some basis exists for the inferences drawn.

The question remains whether credits claimed by the wife in accounting for her disposition of the fund were improperly rejected.

Von Bayer, the judgment debtor, was interested with one McDonald in the promotion of an enterprise which is styled in the record "the Lampton oil deal." An Oklahoma oil lease was to be sold; and for the acquisition and management of the property, a corporation, the Fort Orange Oil Company, was to be formed. The transaction was still inchoate at the time of the assignment. Following the transfer Von Bayer paid to his wife from time to time, $2,849.65, the proceeds of this deal. Part of this money, however ($822.25), belonged, not to Von Bayer, but to McDonald, his associate. The wife received it with the understanding that she would pay it to McDonald, and this she did. To that extent, the creditors of Von Bayer had no interest in the proceeds (*Hamilton Nat. Bank* v. *Halsted*, 134 N. Y. 520). There should have been credit for the payment.

Expenses of $559.32 were incurred in consummating the "Lampton deal." They were paid by the wife from time to time, in advance of full collection of the fund, out of the installments in her hands. If these expenses had not been met, the fund itself would have been defeated. Payments essential to the preservation of the property

are to be allowed to the grantee, though privy to the fraud (*Loos* v. *Wilkinson*, 113 N. Y. 485, 499).

At the date of the transfer, the judgment debtor had a bank balance of $134.92, with outstanding checks of $592.18. Of these, the wife herself held checks to the amount of $311, and other creditors checks to the amount of $281.18. Upon the making of the transfer a new account was opened in the name of the wife, with instructions to the bank that the checks upon the old account were to be charged against the new one. These instructions were carried out. As a result, the entire balance of $134.92 was applied by the wife, under agreement with the husband, to the payment of his creditors.

We think that credit for this payment to the extent of the balance thus distributed should have been allowed on the accounting. The judgment debtor might have paid some creditors in preference to others if the account had been kept in his own name. He did not lose this right because the name adopted was another's. As a result of the fraud, the wife held the money in trust for her husband. She disbursed it under his orders, not for his own benefit nor for hers, but for the benefit of creditors whose debts were in existence at the time of the assignment. She did this before any preferential lien or title was acquired by the plaintiff. In so acting, she was following directions which the husband, if we view him as the true owner, was still competent to give (*Smith* v. *Wise*, 132 N. Y. 172, 179; *Murphy* v. *Briggs*, 89 N. Y. 446, 451). *Manufacturers' Nat. Bank* v. *Simon Mfg. Co.* (233 Mass. 85, 90) can be distinguished. There the payment of the debt was a necessary step in the execution of the conspiracy to defraud. If more than that was held, the decision is in conflict with decisions of this court. Reimbursement must be limited, however, to the balance in bank at the time of the assignment. Payments made, not out of the balance, but out of the grantee's own moneys, loaned to the use of the grantor, stand upon a

different basis.   She will not be permitted to offset the loans, if unconnected with the upkeep or preservation of the property, against subsequent collections.   Her participation in the fraud forbids the appropriation to her own use of any part of the moneys brought within her control by force of the assignment (*Smith* v. *Wise, supra; Davis* v. *Leopold,* 87 N. Y. 620; *Baldwin* v. *Short,* 125 N. Y. 553; *Swift* v. *Hart,* 35 Hun, 128, 131; *Randolph* v. *Scruggs,* 190 U. S. 533).   The distinction is between a payment to herself, and a payment to another.

The collections from all sources were $3,317.69.   The credits erroneously disallowed amount to $1,516.49.   The balance is $1,801.20.   Liability has been adjudged for $2,868.23, the full amount necessary to satisfy the plaintiff's claim.   To the extent of $1,067.03 the judgment is excessive.

The judgment should accordingly be modified by deducting therefrom the sum of $1,067.03, and, as modified, affirmed, without costs to either party in this court.

HISCOCK, Ch. J., HOGAN, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.