EDMOND E. FRISCH, Respondent, *v.* J. CLARKE DULANY and Others, Appellants, Impleaded with Another, Defendant.

First Department, June 20, 1933.

*Joseph J. Jacobs,* for the appellant J. Clarke Dulany.

*William O. Robertson* of counsel [*Cardozo & Nathan,* attorneys], for the appellant Irving Trust Company.

*Adolph Hirsch Rosenfeld,* for the appellant Benjamin Feingold, doing business as The Commonwealth Company.

*Peter W. Quinn* of counsel [*Showers, Jason & Quinn,* attorneys], for the respondent.

TOWNLEY, J.  Plaintiff brought this action in replevin to recover a diamond bracelet sold by him to J. Clarke Dulany and Belle Dulany.  The sale was on credit and was evidenced by a bill of sale which indicated that the bracelet had not been paid for except by a note payable sixty days after the purchase.  The Dulanys pledged the bracelet, which was worth some $23,500, with defendant Feingold for $10,000.  The bracelet was repledged with defendant Irving Trust Company as part security for loans made to Feingold by the Irving Trust Company.

The substantial question in the case is whether Feingold and the Irving Trust Company made their advances under such circumstances as made them innocent pledgees for value or whether they were chargeable with notice that the Dulanys had a defective title. The jury has found that the Dulanys induced plaintiff to sell by fraud and misrepresentation, that the Irving Trust Company was an innocent pledgee for value, and that Feingold's debt to the Irving Trust Company, in so far as it was secured by the diamond bracelet, was paid. We think that the evidence supported these findings and the judgment should be affirmed as against J. Clarke Dulany and the Irving Trust Company.

There was a special verdict against Feingold. The jury found that Feingold was not an innocent pledgee from Dulany in spite of the fact that Feingold advanced $10,000 in apparent reliance on a bill of sale which under ordinary circumstances would unquestionably pass title to Dulany. The facts set forth in the record, however, show that Feingold was suspicious of the integrity of Dulany's title before he made a loan and the jury was warranted in believing that he required the procurement of the bill of sale not to quiet his suspicions but technically to cover himself in making the advance under circumstances which must have been suspicious to him.

The question of fact, however, was a close one, and we think that there was error in the charge which put upon the pawnbroker without any qualification the burden of convincing the jury that he was an innocent purchaser or pledgee of the bracelet. The court was asked to charge that the burden of proving that the defendants Feingold and Irving Trust Company were not innocent parties rested with the plaintiff. The court refused so to charge on the authority of *Pelham* v. *Chattahoochie Grocery Co.* (156 Ala. 500; 8 L. R. A. [N. S.] 448) and *Benedict* v. *Williams* (48 Hun, 123). Counsel for the trust company again asked the court to charge " That if the jury find that these defendants Feingold and the Irving Trust Company paid value for the bracelet, that then the burden of proving that they received the chattel as innocent third parties shifts to the plaintiff." The court also declined to make this charge.

The refusal to charge as requested amounted to a failure clearly to distinguish between the two uses of the phrase "burden of proof." When a vendor rightfully rescinds a sale for fraud in the inducement, the burden of proof is on the third party to show that he is a pledgee for value without notice. (*Devoe* v. *Brandt*, 53 N. Y. 462; *Stevens* v. *Brennan*, 79 id. 254, 258.) If the third party shows that he has paid fair value, a presumption of good faith arises and the burden of again going forward with the evidence is cast

back upon the plaintiff to show that the purchase or pledge was made by the third party with knowledge or notice of the fraud. Unquestionably, in this case a substantial sum of money had been lent to Dulany. Accordingly, the burden was thereafter on plaintiff to show that the transaction was not open and above board and free from any dishonest intent on the part of Feingold. This rule concerning the shifting of the burden of going forward with the evidence in this type of case has been repeatedly laid down by the courts. (See *Frank* v. *Von Bayer*, 236 N. Y. 473; *Brody* v. *Pecoraro*, 250 id. 56; *Bliss Co.* v. *Progressive Smelting & Metal Corp.*, 208 App. Div. 346; *Wilk* v. *Key*, 117 Ala. 285; 23 So. 6.) The cases cited in the charge are either distinguishable or do not represent the law as laid down by the Court of Appeals. Failure to make clear the distinction above noticed may well have prejudiced the defendant Feingold.

The judgment should be reversed and the action severed and a new trial ordered as against Feingold, with costs to said appellant to abide the event, and the judgments against Dulany and the Irving Trust Company as severed should be affirmed, with costs.

FINCH, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Judgment and order appealed from by defendants J. Clarke Dulany and Irving Trust Company affirmed, with costs to the plaintiff against said defendants. Judgment and order appealed from by defendant Benjamin Feingold, doing business, etc., reversed, the action severed, and a new trial ordered, with costs to said appellant to abide the result of the final judgment in the action. Settle order on notice.