DEXTER *v.* ADLER.

(*Supreme Court, Special Term, New York County.* June 19, 1888.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—SETTING ASIDE FOR FRAUD—RIGHT OF ASSIGNEE TO COMMISSIONS.

If an assignment for the benefit of creditors is set aside on the ground of fraud, and the estate is insufficient to pay the creditors, the assignee is not entitled to the commission of 5 per cent. allowed by Laws 1878, c. 318.

At chambers. On motion to confirm report of a referee.
*Franklin Bien,* for plaintiff. *Blumenstiel & Hirsch,* for defendant.

LAWRENCE, J. This action was brought to set aside an assignment made for the benefit of creditors, and the assignment was set aside on the ground of fraud. A motion is now made to confirm the referee's report upon an accounting by said assignee. The referee has reported that the assignee is entitled to receive as commissions the sum of 5 per cent. on $160,875.80, being $8,043.79. To that finding the plaintiff's attorney has excepted.

In the cases of *Mayer* v. *Hazard* and *Talcott* v. *Same,* decided by me on the 25th of January, 1887, I confirmed the report of Thomas P. Wickes, Esq., in which he held that an assignee under an assignment declared to be fraudulent was not entitled to pay counsel fees out of the assigned fund, which were incurred subsequent to the commencement of the action to set aside the assignment. The ground taken by the learned referee was that the plaintiffs, by commencing their action to set aside the assignment, had acquired a valid lien upon the trust fund, and that, under the authorities cited by him, the assignee under a fraudulent assignment could not deplete that fund to the prejudice of the plaintiffs. In his opinion the cases of *Wakeman* v. *Grover,* 4 Paige, 23-43; *Ames* v. *Blunt,* 5 Paige, 13; *Colburn* v. *Morton,* 1 Abb. Dec. 378; *Collumb* v. *Read,* 24 N. Y. 505; and *Platt* v. *Archer,* 13 Blatchf. 351,— were cited, and they seem fully to sustain the decision rendered by him. From the order confirming his report an appeal was taken to the general term, which has not yet been determined. Those cases seem to me to be authorities for the proposition that the assignee cannot deplete the trust fund, upon which the parties seeking to set aside the assignment have acquired a lien by the bringing of their actions, to the detriment of such parties; and it would seem, therefore, to follow that where the estate is insufficient to pay the claims of such creditors, that the assignee ought not to be entitled to his commissions.

It is stated in the brief of the plaintiff's counsel in this case, that only the sum of $5,000, if the report be confirmed, will be applicable to the payment of the plaintiff's judgments, which amount to about $30,000, while the assignee will receive over $8,000 for his commission. It would be against the principle of the cases above cited, and of the cases of *Mayer* v. *Hazard,* and *Tal-*

*cott* v. *Same,* to allow the assignee such commissions. In *Hunker* v. *Bing,* 9 Fed. Rep. 277, the precise point now under consideration was passed upon by Judge BROWN, in the district court for the Southern district of New York, and it was by him distinctly held that "a voluntary assignee in insolvency, under a void assignment, will not be reimbursed his expenses incurred under the assignment, nor is he entitled to compensation, as assignee, for services." It was, however, held in that case that for such services or disbursements as benefit the general body of creditors, either by preservation of the fund to their use, by advantageous collections of assets, or by conversion of property into money, he will be allowed what is reasonable and just. No question is presented in this case as to the reasonableness of any services alleged to have been rendered by the assignee. The commission reported by the referee in his favor is based upon the percentage allowed to an assignee under Laws 1878, c. 318. If I am right, under the authorities above cited, in holding that the assignee is not entitled to his commissions under an assignment which has been declared fraudulent and void, no other question having been presented upon the argument, it follows that the motion to confirm the referee's report in respect to the assignee's commissions must be denied.

The general term has this day filed a decision affirming the order in *Meyer* v. *Hazard, ante,* 680, above referred to.