DWIGHT, P. J., and LEWIS, J., concurred.

Judgment and order appealed from affirmed.

---

IN THE MATTER OF THE FINAL ACCOUNTING OF EDGAR D. MATHER (APPELLANT), AS ASSIGNEE FOR THE BENEFIT OF THE CREDITORS OF LINCOLN A. MINK.

*Assignments — liability of an assignee for not attacking a fraudulent judgment — advice of counsel — definiteness of objections to an assignee's account.*

On the day previous to his making an assignment for the benefit of creditors, a debtor confessed judgments in favor of certain relatives, to the knowledge of the assignee, a banker, with whom it was at that time arranged by the assignor that the assignment should be made on the following day. The sheriff at once seized, under execution issued upon such judgments, the debtor's property.

Subsequently certain of the assignor's creditors notified the assignee that such judgments were fraudulent, and that if any moneys were paid upon such judgments they would hold him personally liable therefor. No creditor, however, requested specifically that an action be brought to set aside the judgments, or offered to contribute to its expense.

The assignee had competent counsel and was advised that the judgments were valid.

*Held*, that it was error to charge him upon his accounting with the amount of such judgments.

That there being no finding of a negligent omission of duty, mere failure to act upon the part of a layman, proceeding under legal advice, did not make him personally liable.

The objections filed against an assignee's account should be sufficiently definite to apprise him of the grounds of objection thereto.

APPEAL by Edgar D. Mather, assignee, from the final decree and judgment granted by the Ontario County Court herein, dated September 15, 1890, and duly entered in the Ontario county clerk's office.

*H. M. Field*, for the assignee, appellant.

*Mark T. Powell* and *John Colmey*, for the creditors, respondents.

MACOMBER, J. :

This case was brought into this court by an appeal from the decree of the County Court, by which the assignee, under a general assignment made for the benefit of creditors, is charged with the sum of $1,183 for failure to take legal proceedings to set aside judgments confessed by the assignor to his wife and mother before the making of the assignment.

The assignment was made on the 4th day of December, 1888. The assignor was engaged in the sale of agricultural implements and produce, and the assignee was a banker. On the day preceding the assignment, to the knowledge of the assignee, the assignor confessed two judgments, one in favor of his wife for $101 damages, besides costs ; another in favor of his mother for $1,275.30 damages, besides costs. When such judgments were confessed, as is found by the learned county judge, it was arranged between the assignor and assignee that the assignment should be executed by them on the following day, namely, the day of its date. The property of the assignor was seized by the sheriff under executions issued upon these judgments, but by an arrangement between the sheriff and the assignee, the latter was permitted to retain possession of the personal property as the agent of the sheriff, and he was to convert the same into cash and to apply the same upon the executions held by the sheriff, which was accordingly done, the assignee making satisfactory sales of the property and realizing therefrom as much money as could be obtained under any forced sale. The appellant also had some personal interest in one of these judgments by way of an assignment as collateral security for the payment of a note held by him, but it is not believed that such fact is of very much importance on this appeal, though considerations of delicacy arising therefrom might well have deterred him from accepting the trust under the assignment.

On the 24th day of April, 1889, the assignee was personally notified by certain of the creditors that these judgments so confessed by the assignor were fraudulent and void, and that these creditors would charge the assignee personally on his accounting with all sums paid by him on such judgments. There appears, however, to have been no request made by them to the assignee to bring an action to set aside such confessions, and to apply the property in the administration of his trust.

In the decision of the county judge, there is no finding that the assignee was guilty of any fraud or negligence in failing to prosecute an action in behalf of the general creditors under the assignment, for the purpose above stated, except, as the same is contained in his last finding of fact, where it is stated "the sum of $1,183.00 is the amount of the trust funds so lost to the creditors of said trust estate by reason of the negligence and misconduct of said assignee." That this was not, and that it was not intended by the learned judge to be, an affirmative finding of neglect, as a fact, so as to charge the assignee personally with the loss of these funds to the creditors, is seen by an examination of other findings made by the learned judge. Upon the request of the appellant's counsel, this special finding was made: "4. That the assignee used diligence in converting the property into money, and no loss came to the estate by reason of any act of the assignee by converting the same into money." He says further in the special finding, as follows: "Finally, I have found and decided that the exceptions of the creditors should be sustained upon the sole ground that the assignee had failed to bring an action to have the judgment confessed in favor of Mrs. Lucy Mink vacated and set aside as fraudulent and illegal, and my reasons therefor are more fully stated in my opinion."

The case, therefore, is one unlike that presenting the questions discussed in *Matter of Cornell* (110 N. Y., 351). The mere failure of an assignee to bring an action to set aside the confessed judgments is not sufficient to charge him personally with the sum of money that might have been reclaimed by the successful prosecution of such an action. It is the negligent omission of duty which alone could charge the appellant. Many reasons might exist which would excuse the assignee from bringing an action, even where it was thought that the right of action was good. Whatever judi-

cial proceedings might be instituted by the assignee would be so instituted for the benefit of creditors, and not for the benefit of the assignee in any respect. The case as presented is one where the creditors have failed to induce any action by the assignee by voluntarily assuming the expense of such litigation, or by indemnifying the assignee against personal expenses.

But it is claimed, in behalf of the respondents, that because the assignee had knowledge of the fact that such judgments had been confessed, and that they were so confessed the day before making the assignment, he is conclusively charged with the duty of acting upon his own knowledge and in bringing an action based thereon Whatever knowledge the assignee personally possessed of the facts as stated above and whatever inferences may now, in the light of subsequent events, be drawn in respect to the intent with which such judgments were confessed, it must be borne in mind that every step in procuring such judgments was taken under the advice of experienced counsel, who advised all the parties that they were valid. It appears, therefore, that the knowledge which the assignee is said to have possessed was not of such a character as would lead him, as a layman, to the conclusion that he could successfully assail these judgments, and that, consequently, he cannot be charged with culpable neglect in not attempting to set them aside.

Moreover, the objections made to the appellant's account did not sufficiently apprise him of the ground now relied upon by counsel. The objections were originally placed under four heads. The first and second of these were struck out by the county judge on motion. There remained, therefore, only the third and fourth objections, which are as follows : Third objection. " To the items in said account, to wit, the goods in store sold on execution after the assignment, but levied prior to same, and that said assignee should be charged with all moneys paid out by him under and by virtue of said executions, and that he should not be credited therewith ; and that such should be decreed as being in his hands for distribution." Fourth. " Object to so much of said account as credits said assignee with the payment of all moneys paid upon or property taken upon and under two judgments against said Mink in favor of Lucy Mink and Libbie Mink."

These objections contain no charge of culpable neglect or of any

degree of neglect of duty in failing to bring an action to set aside the judgments. The judgments were valid as between the parties and also as to all persons other than the creditors of the assignee. They were regular and sufficient in substance and in form. They were not, consequently, void, but voidable, and that only upon the interposition of the creditors, or the assignee acting in their behalf, under evidence, [which never seems to have been placed in the assignee's hands,] that they were made with intent to defeat the General Assignment Act of 1877 (chap. 466), or fraudulent as to such creditors. Under these circumstances, it was the duty of the assignee to execute the trust imposed upon him by his acceptance thereof; for the assignment must be treated as valid until declared fraudulent by the judgment of a competent court. (*Knower* v. *C. N. Bank*, 124 N. Y., 552.)

Upon the hearing of this matter the assignee had the right to be apprised of any charge that might be made against him of this grave nature. The objections, as filed, must be deemed, in substance, to have the force and effect of an answer in an action, and consequently it was the duty of the contestants thereby to charge the assignee in a proper manner with the negligence now urged against him before calling upon him to respond in the manner stated.

It follows, from these considerations, that the decree appealed from should be reversed in respect to the charge against the assignee of items amounting in all to $1,183, and a rehearing had, with costs of this appeal to abide the event.

DWIGHT, P. J., and LEWIS, J., concurred.

Decree of the County Court of Ontario county reversed and a rehearing ordered, with costs to abide the event.