HEYWOOD *et al. v.* THACHER *et al.*[1]

*(Supreme Court, General Term, First Department.   June 3, 1892.)*

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—ACCOUNTING BY ASSIGNEE.
    Where, in an action by a judgment creditor of the assignor to set aside an assignment for the benefit of creditors, the judgment is declared a lien on the assigned property, and the assignee is ordered to account for and pay over to the receiver therein named all such assigned property, such accounting is ordered merely for the purpose of satisfying plaintiff's claim, and the assignee cannot be compelled to account for an amount more than sufficient to satisfy plaintiff's claim.

2. SAME—GENERAL OBJECTIONS.
    A general objection to several items in an assignee's account is insufficient, as the assignee is entitled to have each item specifically objected to, in order that he might meet the objection.
    VAN BRUNT, P. J., dissenting.

Appeal from special term, New York county.

Action by Henry Heywood and others against William M. Thacher, as assignee of Richard S. Kingman, impleaded with said Kingman and others, to set aside the assignment and certain confessed judgments, and enforce collection of plaintiffs' judgment against the assignor.   There was a decree for plaintiffs making their judgment a lien, appointing a receiver and a referee, and ordering the assignee to account for and turn over all the assigned estate to such receiver.   From an order confirming the report of the referee the assignee appeals.   Reversed, and report modified.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

*Edwin C. Cloyd,* (*H. R. Bayne,* of counsel,) for appellant.   *Abram Kling,* for respondents.

BARRETT, J.   The accounting which was directed by the judgment was not a general accounting with respect to the assigned estate, but an accounting for the purpose of satisfying the plaintiffs' claim.   If the court had been

[1] For opinion on motion for reargument, see 19 N. Y. Supp. 882.

informed, at the time the decree was made, that the assignee had in his hands, in money, more than sufficient to pay the plaintiffs' judgment, an accounting need not have been ordered. In that case the decree would simply have required the assignee to pay the plaintiffs' claim as adjudged. This distinction between a special accounting for the purpose of satisfying a particular claim and a general accounting as assignee becomes important in view of the fact that the referee in the present instance disallowed certain items of disbursement made by the assignee, and charged him with the whole estate, less such items of credit as the referee deemed proper. It will not be necessary upon this appeal to consider the inherent propriety of the disposition thus made of the credits claimed by the assignee, for two reasons: *First*, because the items in question were not properly objected to; and, *second*, because prior to the somewhat summary investigation of the account generally the assignee duly accounted to an amount more than sufficient to pay the plaintiffs' claim and all costs and expenses. The decree, it is true, is general in its terms with regard to the accounting; but it must be construed with reference to the precise situation at the time it was made. That situation was this: There was a judgment in favor of the plaintiffs for a sum of money, which judgment was a lien upon the assets in the assignee's hands, and which the court decreed should be paid out of such assets. There was also the fact that the court was not aware of the extent of these assets, and consequently could not then tell whether they were sufficient to pay all that was decreed. It certainly could not have been the intention to require the assignee to account for the estate generally, as this suit was brought by the plaintiffs for their own sole benefit, and not on their own behalf and on behalf of other creditors. Consequently the assignment was set aside solely as against these particular plaintiffs. As to all other creditors it remained in force, and as to all other creditors the assignee's duty under the assignment continued. Any other view would involve the proposition that on a bill filed by a particular creditor to set aside an assignment as against him the court might proceed to set aside the assignment as against all other creditors, and wind up the estate generally. It is clear, therefore, that under even the broad provisions of this decree the assignee was only bound to account so far as was necessary to satisfy the plaintiffs' claim in full. He so accounted when he paid over to the receiver, in the presence of the referee, an amount of money more than sufficient to fully satisfy the plaintiffs' claim. The accounting which proceeded thereafter was in reality an accounting with regard to the estate generally; an accounting which was unnecessary, and, on a fair construction of the decree, unauthorized.

But even if the decree could be construed to direct such unnecessary accounting, then it is quite clear that the items which were disallowed should have been distinctly and specially objected to, and the assignee thus apprised of the charges which he was required to meet. Instead of this, nothing whatever was done after the presentation of the assignee's accounts, save to cross-examine him with regard thereto, and upon the close of such cross-examination to except generally. It is probable that this course was adopted by the plaintiffs because they had no real interest in any further accounting after the receipt by the receiver of more than enough money to pay their claim. However that may be, the assignee could not be charged, as he has been, without specific and precise objection to each item of the account intended to be questioned and without evidence in support of such objections. *In re Mather*, (Sup.) 16 N. Y. Supp. 13. We do not mean, however, to suggest that upon a general accounting it is not within the province of the referee, even where specific objections are not made, to scrutinize such account, and to disallow items seemingly fraudulent or objectionable upon their face. That is undoubtedly his province. But even in such a case it would be the duty of the referee to point out to the assignee the particular items which

seemed to be objectionable, and give him an opportunity to show that they were not amenable to just criticism. This was not done, either by the counsel or the referee; and upon their face the disallowed items were not fraudulent, nor necessarily objectionable. For aught that appears, there is no other creditor who has any lien upon the assigned estate, or who has any right to question the assignment or the conduct of the assignee thereunder. What he properly did in defending the assignment was certainly binding upon the creditors benefited thereby, and, indeed, upon all creditors who do not seek to set the instrument aside. It may well be, therefore, that the assignee is entitled to the whole or the greater part of the very items of disbursement which have been disallowed by the learned referee. As to these plaintiffs, such items cannot be questioned, unless they stand in the way of their obtaining what was awarded to them by the judgment. As it appears that there is more than sufficient in the hands of the receiver to fully satisfy the plaintiffs' judgment, they can have no further interest in the accounting of this assignee. The order appealed from should therefore be reversed, and the report modified by confirming the first finding of the referee, which shows the payment to the receiver of the sum of $1,798.50, and setting aside the report in all other respects, and adjudging that as against the plaintiffs in this action the said assignee has sufficiently accounted under the true intent and meaning of the decree; the expenses of the accounting before the referee, and the costs of the motion to confirm the report, and the appellant's costs and disbursements of this appeal, to be paid by the receiver out of the sum in his hands after the payment of the plaintiffs' claims.

O'BRIEN, J. The accounting was not ordered by the court of its own motion, but in aid of the plaintiffs' judgment. The plaintiffs, however, have no practical interest in any further accounting by the assignee. His claim is fully provided for by the cash paid over to the receiver, and he may take his money at any moment. As no substantial right, either of the plaintiffs or of any other party to this record, or of any party who can come in and claim the benefit of the decree, can possibly be affected by the conclusion arrived at by Justice BARRETT, I concur in the result.

VAN BRUNT, P. J., (*dissenting.*) I cannot concur in the conclusions arrived at by my associates upon this appeal. It is stated in the opinion of Mr. Justice BARRETT that the accounting directed by the judgment was not a general accounting with respect to the assigned estate, but an accounting for the purpose of satisfying the plaintiffs' claim; and that if the court had been informed at the time the decree was made that the assignee had in his hands, in money, sufficient to pay the plaintiffs' judgment, an accounting would not have been ordered; that in that case the decree would simply have required the assignee to pay the plaintiffs' claim as adjudged. This statement seems to me to be in direct variance with the express language of the decree. And what is the foundation in this record for the assumption that the court was not informed at the time of the making of this decree that the assignee had in his hands in money more than sufficient to pay the plaintiffs' judgment, I am unable to imagine. We are entirely ignorant of what was before the court at the time of the entry of the judgment by which the referee in this action was appointed. All that we know is that by the judgment a receiver was appointed of all the property and assets of every kind and nature assigned or attempted to be assigned by the defendant Kingman to the defendant Thacher, as assignee for the benefit of creditors, and of all the property of any nature or kind whatsoever belonging to the defendant Kingman; and that a referee was appointed to pass the accounts of the assignee; and that the assignor and assignee were directed forthwith to convey and deliver to such receiver all the property and assets, together with all books, vouchers, evidences, or papers

relating thereto; and that they execute any writing, instrument, or deed which might be necessary for perfecting or assuring the said receivers thereto. And it further appears by the judgment that the receiver was required to give a bond in the sum of $5,000 for the faithful performance of his duties as such receiver. How any limitation can be spelled out from this language, or any intimation that the court did not intend to vest the receiver with the title of all the assigned property, and to compel the assignee to account for all the assigned property, it is impossible to imagine. That such was the intention is further evidenced by the amount of the bond required to be given by the receiver. If he was only to receive the amount which the plaintiffs might collect by their judgment,—which was about $1,000,—it is difficult to conceive why a bond in the penalty of $5,000 should have been required. But if he was to receive the whole of the assigned property, amounting to over $3,000, the fixing of the amount of the bond becomes intelligible. I think, therefore, that not only the language of the decree, but its internal evidence, shows that it was the intention of the court making the decree that the assignee should account to the receiver for the whole estate; and that the attempt to construe the decree in the limited manner which is sought to be done upon this appeal is nothing but a modification of the decree without any appeal having been taken therefrom. It would appear from the opinion that it was one of the privileges and duties of a referee who is appointed by a decree to modify its express terms because he might think it was improvidently or mistakenly granted. I have yet to learn that any such function devolves upon a referee by virtue of his appointment. It is making the referee an appellate tribunal, whereas the Code provides that an appeal shall be taken in a different manner. The whole foundation of this construction of the decree depends upon the opinion of the court that it was too broad and general in its terms. If that was the case, the law provides a remedy; but it does not provide that such a decree may be modified either by a referee or by the court in a collateral proceeding. I am of the opinion that it was the plain duty of the referee, which he has followed out, to take the account of the assignee as to the whole property; and, if the assignee desired any other course to be pursued, he should have appealed from the decree, and had it modified if he was entitled to that relief. If the whole record which was before the court below was before this court, it may very well be that this court would find that the decree was such as the facts of the case required should be made, and we are bound to presume it was so required. I think, therefore, that the order should be affirmed.