CHARLES A. DORNEY and Others, Respondents, v. WILLIAM M. THACHER, as Assignee, etc., Appellant, Impleaded with Others.

*General objection to the accounts of an assignee for creditors — burden of proof — fraudulent assignment — commissions, when not allowed — when counsel fees allowed — assignee's disbursements — right to incur expense in defense of the trust fund.*

A general objection to specific items of expenditure by an assignee in the course of the management of the assigned estate is sufficient, if the assignee is thereby apprised of the grounds of the objection.

The contention that the affirmative of establishing the validity of objections to an assignee's account rests with the party making the same, and that they must be made to appear well founded beyond peradventure, the assignee having the right to demand that his accounts be declared correct until the contrary is fairly and clearly established, is not supported by authority or justice.

Where an assignee for the benefit of creditors accepts a trust, he takes it *cum onere*, and must run the risk of the good faith of his assignors in transferring the property to him, and if the assignment is void he loses his commissions, as the creditors of the assignors cannot be called upon to pay assignee's commissions on a fund which actually belongs to them.

A different question, however, may be presented where the assignee has, in good faith, executed his trust or partially distributed the funds of the estate.

Where an assignee for the benefit of creditors is not a party to the fraud in making the assignment, and is not cognizant of the facts which make it reasonably certain that such assignment cannot stand against the attacks of creditors, his duty requires that he should resist such attacks, and in order that he may successfully do so it is necessary that he should employ counsel, and his disbursements in so doing come within the class of disbursements allowed to an assignee who is even cognizant of the fraud, for the preservation of the estate.

The rules governing the disbursements of an assignee for the benefit of creditors differ in no respect from those relating to any other trustee.

HUN — VOL. LXXVI. .    46

A trustee in defense of the trust committed to his care, is allowed out of the trust fund his reasonable counsel fees in protecting the estate although he may have been unsuccessful, provided that he acted in good faith and as a reasonable and prudent man would do under the circumstances.

APPEAL by the defendant, William M. Thacher, as assignee, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of July, 1893, confirming the report of a referee, except that portion which directs that the costs and expenses of the proceeding be made a charge against the estate.

*E. C. Cloyd*, for the appellant.

*A. Kling*, for the respondents.

VAN BRUNT, P. J.:

It is true that this court in the case of *Heywood* v. *Kingman & Thacher* (29 Abb. N. C. 75), in which action an interlocutory judgment had been entered similar in form to the one in the case at bar, decided that upon appeal from an order confirming the report of a referee appointed by such interlocutory judgment, this court could reverse such judgment without having before it a scintilla of the record upon which such judgment was founded. But the conclusion then arrived at, it seems to me, should not be extended beyond the case which was then before the court.

The question presented by this appeal is whether the referee erred in his disallowance of disbursements made by the assignee, and of commissions charged by him. In the consideration of these questions it will not be necessary to state in detail the facts under which they arose. It is urged that the referee erred in disallowing certain disbursements and commissions of the assignee, because no proper objections to the assignee's accounts were taken. And it is claimed that such objections must be specific, and must sufficiently apprise him of the charge which he has to meet. In support of this proposition we are referred to *The Matter of Mather* (61 Hun, 214), and to the case of *Heywood* v. *Thacher*, above cited. It is to be observed that the opinion in *Heywood* v. *Thacher* is based upon the case of *The Matter of Mather ;* and the distinction between the nature of the items objected to in these two cases seems to have escaped the

attention of the court. In the *Heywood* case the objection was a general one to the whole account. In the case at bar the objection is to specific items of expenditure by the assignee in respect to the management of the estate itself. In *The Matter of Mather* it was sought to charge the assignee for culpable negligence in failing to bring actions to set aside judgments under executions upon which goods of the assignors were sold after the assignment, but which executions were levied prior to the same; and the court held that a simple general objection against such an item was insufficient because it did not call the assignee's attention to the fact that he was charged with culpable neglect in failing to bring actions to set aside judgments.

In the case at bar the items objected to are not of this character. They are to the commissions which the assignee charges, his counsel fees, and the disbursements which he claims to have made in the administration of the estate; and when these items were objected to he knew perfectly the ground of the objection.

It is further urged that, if it should be held that sufficient objections were duly filed to the account of such assignee, the plaintiffs did not assume or discharge the burden of establishing the validity of the objection. And the astounding proposition is advanced that the affirmative of establishing the validity of objections rests with the party making the same, and it must be made to appear *beyond peradventure,* the assignee having the right to demand that his accounts be declared correct, until the contrary is *fairly* and *clearly* established. Citing Keiley on Insolvent Assignments, 119. With such a rule an assignee has a protection which is denied to any other person, without any exception, before our courts. The guilt of a person charged with a capital crime it is not necessary to establish beyond peradventure. The degree of proof to establish such guilt must simply be beyond reasonable doubt, and no further. It is not necessary to combat so remarkable a proposition.

Attention is also called, in support of the claim of the appellant, to *The Matter of Frazer* (92 N. Y. 239), which was an accounting of an executor, where it was held that where the executor had paid a claim based upon an alleged contract with the deceased, which was presented and sworn to in the ordinary manner, that the burden was upon the contestant to show that it was not a just debt, and, in

the absence of such evidence, it was properly allowed — a case entirely different from the one at bar. Another question would have been presented, if the objection had been to disbursements made by the executor for counsel fees and expenses in the management of the estate.

We think, therefore, that the objections were sufficiently specific to call upon the assignee to show the propriety of the disbursements made by him in reference to the management of the estate, and that the conclusions of the referee upon this point were correct without further discussion.

As to the commissions of the assignee, it seems to be impossible to imagine upon what ground such commissions could be claimed. The assignee having become wrongfully in possession of property which should have been applied to the payment of the debts of the assignors, instead of being placed in his hands, even though it may be without any wrong of his own, certainly cannot be allowed to deplete the estate by the charging of commissions which are the compensation for the performance of the trust, and which he has not performed or earned, to the prejudice of the creditors who have successfully assailed the assignment. It is not a question as to whether the assignee has acted prudently and in good faith and according to the best light a man of ordinary prudence could obtain under the circumstances. But he is denied the right to deplete this fund because he has been fraudulently placed in possession thereof, to the detriment of the creditors who have unearthed and disclosed the fraud. It may be unfortunate that an assignee is, under these circumstances, deprived of the compensation he expected to receive. But when he accepts a trust of this kind, he takes it *cum onere.* He must run the risk of the good faith of his assignors in transferring the property to him. The creditors certainly cannot be called upon to pay the assignee's commissions on a fund which actually belongs to them, but where an assignee has in good faith executed his trust, or has partially distributed the funds received by him according to the directions of the assignment, before the commencement of the creditors' action, a different question may arise.

In respect to the counsel fees and the necessary disbursements in protecting the fund, although there is a contrariety of decisions as to whether, in the case of an assignment being set aside, they should

be allowed, it seems to us that where the assignee is not a party to the fraud and is not cognizant of the facts which make it reasonably certain that such assignment cannot stand against the attacks of creditors, his duty requires that he should resist such attacks, and in order that he may successfully do so it is necessary that he should employ counsel. Disbursements of this kind come within the class allowed to an assignee who is even cognizant of the fraud, for the preservation of the estate. The rules governing the disbursements of an assignee in an assignment for the benefit of creditors differ in no respect from those of any other trustee. The trustee, in defense of the trust committed to his care, has always been allowed out of the fund the reasonable counsel fees in protecting the estate, although he may have been unsuccessful, provided he acts in good faith and as a reasonable and prudent man would do. under the circumstances. We think, therefore, that there being no evidence that the assignee was a party to or cognizant of the frauds for which the assignment was set aside, he was entitled to recover, as part of his disbursements for the preservation of the estate, the *reasonable* fees which it was necessary for him to pay in order to protect the estate and the trust, and also such incidental disbursements in connection therewith as he could show to have been necessary.

The order appealed from should, therefore, be so far reversed and the question as to the allowance to be made to the assignee for his reasonable and necessary disbursements, including counsel fees in the protection of the assignment, referred to the same referee, with costs of appeal to the appellant and costs of a new reference to be paid out of the estate.

PARKER, J., concurred.

O'BRIEN, J.:

The court at Special Term confirmed the report of the referee on a reference to pass the account of the defendant Thacher as assignee under an assignment for the benefit of creditors. In an action brought by plaintiffs in their own behalf only, the assignment and certain confessed judgments were set aside on the ground that they created preferences of more than one-third of the assignor's estate, in violation of chapter 503 of the Laws of 1887. Similar decrees in

eleven other actions were entered, which would more than exhaust the property in the hands of the assignee, and which, by the terms of the decrees, after an accounting, were to be turned over to a receiver.

This appeal as now presented, and that of *Heywood* v. *Kingman* (29 Abb. N. C. 75), are clearly distinguishable. Here specific objections were filed and additional exceptions taken to the assignee's account by the counsel for the successful judgment creditors. Moreover, there are now a number of judgment creditors who are interested in the proper accounting by the assignee, and who have the right to and did take exception to the assignee's account, and whose claims will exceed all that has been realized by the assignee. Having been successful in setting aside the assignment, they can question the conduct of the assignee in the management of the assigned estate.

With respect to sums paid to stenographers, typewriters and other clerks and employees of the assignee, as the referee upon the evidence held that they were legally indefensible, they were properly disallowed.

The only questions which seem to us to require any comment or discussion relate to the refusal of the referee to allow the assignee his commissions and sums paid to counsel in defending the assignment against the attacks of hostile creditors.

*Smith* v. *Wise* (132 N. Y. 172) is authority for the proposition that in an action to set aside a general assignment, wherein it was proved and found that there was actual fraud on the part of the assignor and assignee, counsel fees and disbursements in defending the action were not allowable because they were made, as stated, " in furtherance of the fraudulent scheme." And in *Dexter* v. *Adler* (1 N. Y. Supp. 684) it was held at Special Term that where the assignment was set aside for fraud, participated in or not by the assignee, there no commissions could be allowed. In *Mayer* v. *Hazard* (49 Hun, 222) it was held that the assignee for creditors should not be allowed for the expense of resisting a successful suit to set aside the assignment.

We regard it, therefore, as settled law that neither legal services, commissions nor disbursements will be allowed in a case where the assignment is set aside for actual fraud, of the assignor, in which the

assignee participated.   Where, however, the assignee has not been guilty of fraud, but has acted in good faith, and where the assignment itself is not void, but merely voidable at the instance of a creditor who successfully assails it for acts of the assignor, it has not been decided by the Court of Appeals that necessary disbursements incurred by the assignee in good faith, including sums paid for counsel fees in defending the trust estate, should not be allowed.

*Mayer* v. *Hazard* and *Dexter* v. *Adler* (*supra*) are seeming authorities against such allowance, but as the soundness of the doctrine held in those cases has been often questioned, it remains to be determined whether or not they should be further extended and followed.

In considering the questions, therefore, we think a distinction is to be made between the right of an assignee to commissions, and the right to necessary disbursements, including the payment of fees to counsel in defending unsuccessfully the assignment.

As to commissions, these should not be allowed, for the reason that as they are predicated upon the discharge by the assignee of his duties, they cannot be considered as having been earned in a case where the estate has not been administered, and where the administration of the property has been taken from the assignee and placed in the hands of a receiver.   We are clear that a commission of five per cent, which is the compensation fixed by statute, should not be awarded to an assignee who has not been called upon to discharge his duties, nor do we think that the court is required to make any allowance, by way of compensation, less than the statutory commissions, because with respect to both commissions and allowance it may be said that the assignee, having come wrongfully into possession of the property which should have been applied to the payment of the debts of the assignors, instead of being placed in his hands, even though it may be without any wrong of his own, should not be allowed to deplete the estate by the charging of commissions to the prejudice of creditors who have obtained a lien by commencing their action, and in such suit have successfully assailed the assignment. Where, however, the assignee has proceeded in good faith to discharge his duties and administer the estate, and has converted the property and distributed it before the creditors' suit is commenced, then an entirely different question would be presented, and it may

be that commissions at the statutory rate, or an allowance, should be made to the assignee. As correctly said by the presiding justice : " It is not a question as to whether the assignee has acted prudently and in good faith and according to the best light a man of ordinary prudence could obtain under the circumstances. But he is denied the right to deplete this fund because he has been fraudulently placed in possession thereof to the detriment of the creditors who have unearthed and disclosed the fraud. It may be unfortunate that an assignee is, under these circumstances, deprived of the compensation he expected to receive. But when he accepts a trust of this kind he takes it *cum onere.* He must run the risk of the good faith of his assignors in transferring the property to him. The creditors certainly cannot be called upon to pay the assignee's commissions on a fund which actually belongs to them, but where an assignee has, in good faith, executed his trust,. or has partially distributed the funds received by him according to the directions of the assignment, before the commencement of the creditors' action, a different question may arise."

Upon the question of necessary disbursements, including a reasonable sum to counsel in advising the assignee, and in defending the assigned property from the attacks of hostile creditors, other considerations favorable to the assignee's right to reimbursement. seem to us to be present and to be supported both by reason and authority.

In *Noyes* v. *Blakeman* (3 Sandf. 531, 543) it was said : " The law is most clearly settled, and it would be a reproach to its principles or its ministration were it otherwise, that all the necessary expenses of a trustee, that is, all expenses of every kind which are reasonable and in good faith incurred by him for the defense, protection or reparation of the estate are to be treated in equity as a charge in all cases."

And in *The Matter of the Atty.-Gen.* v. *N. A. Life Ins. Co.* (91 N. Y. 57) it was said : " The principle upon which counsel fees are granted in such instances is that of necessary disbursements, and it stands upon the same ground as any other necessary expense for the preservation of the fund. Often and usually the trustee has no interest outside of the performance of duty. What he does is for the benefit of others whose interests are for the time being in his

keeping. He owes them no duty to expend his own money for their benefit, and whatever he does so expend in the reasonable and prudent care of the trust fund is properly allowed to him as an expense."

In *Downing* v. *Marshall* (37 N. Y. 380, 389) it was said: "His (the trustee's) duties relate to the property and interests of others, and he is to be indemnified for necessary expenses in protecting such trust property, and has an equitable lien upon it for such expenses."

As said in the supplement to Bishop on Insolvent Debtors (2d ed. 56): "The general rule ' being thus unquestioned, the inquiry is whether it includes expenses of litigations unsuccessfully undertaken or defended by the assignee without practical benefit to the estate, assuming them to have been incurred in good faith and with the prudence which an intelligent and careful man would show in his own affairs. A rule which would preclude a trustee from such allowances would certainly be a severe one. It would require of him an infallibility of judgment which we do not expect in the highest judicial tribunals where opinions are sometimes conflicting. It is suggested in *Meyer* v. *Hess* (*supra*) that an assignee may protect himself against loss by calling upon the creditors to indemnify him before he proceeds with litigation. It is doubtful whether this is a practical protection to the assignee."

The logical conclusion from *Meyer* v. *Hazard & Hess* (17 N. Y. St. Repr. 26) is that an assignment which on its face is perfectly valid, and so far as the assignee is concerned, was executed in good faith, is to be surrendered by the latter to the first or any attack made upon it, or else protected at his own risk and expense. If, however, the assignee should be unwilling at his own risk and expense to defend the assignment, and should fail to receive indemnity from friendly creditors, there are cases which might be cited as seeming authority for the view that he would be responsible for neglect of duty in permitting the trust estate, without action on his part, to be wrested from his possession. We do not think an assignee or trustee should be placed in such a dilemma, nor do we think the law places him in any such position of risk.

We see no good reason, therefore, either in principle or upon

FIRST DEPARTMENT, FEBRUARY TERM, 1894.          [Vol. 76.

authority, why an assignee who has himself been guilty of no fraud, and who undertakes to discharge the duties of a trustee under an assignment which is not void, should not be allowed such proper and necessary disbursements as he in good faith may have made, either in collecting, protecting or defending the trust property.

The judgments confessed were more than one-third of the property of the assignors, and under the rule held in the earlier cases, an attempt to give an unlawful preference in excess of the statutory limitation of one-third, was held to be fraudulent. Here, therefore, the judgment creditors succeeded upon this ground, and no appeal having been taken from such judgment, it is conclusive. It is proper, however, in this connection to recall the fact that the earlier cases have all been overruled by that of *The Central National Bank* v. *Seligman* (138 N. Y. 435), which decided that confessed judgments, in excess of the one-third allowed by law, do not operate to make the assignment for the benefit of creditors void as fraudulent, but that such judgments are to be considered as preferences, and, if in excess of the legal proportion of the assignors' estate, are to be reduced to a lawful amount.

Here, the assignee not having been a party to the fraud alleged as the ground of the creditors' successful attack, and the testimony showing that he acted in entire good faith, without knowledge of the prior confessions of judgment until after the attack upon the assignment was made, and in the light of the decision in *Central National Bank* v. *Seligman* (*supra*), we think that reasonable disbursements made and sums paid to counsel for defending the assignment, should be allowed.

Our conclusion, therefore, is that the report should in all respects be confirmed, except as to the disallowance of necessary disbursements made by the assignee, or sums by him paid to counsel in defending the assignment, and that the question of the amount of such allowance should be referred to the same referee for decision, with costs of the appeal to appellant, and the cost of the reference to be paid out of the estate.

Order modified as directed in opinion, and as modified affirmed, without costs of appeal to the appellant, and costs of a new reference to be paid out of the estate.