SAMUEL P. DEXTER and Others, Respondents, *v.* LOUIS ADLER, as Assignee, etc., and Others, Appellants.

*Fraudulent assignment — order refusing commissions to an assignee, affirmed.*

An assignment for the alleged benefit of creditors having been set aside, an order of the Supreme Court was made disallowing the assignee's commissions. On appeal therefrom it was stipulated that the papers presented upon the appeal contained all the papers upon which the court below acted in making the order, but it was apparent that such was not the case. The records stated that the only question before the court on appeal was whether the assignee was entitled to commissions as such where the assignment was set aside on the ground of the assignor's fraud only, but it did not appear whether any such record was presented to the court below or not.

*Held,* that, under the circumstances, the order should be affirmed.

APPEAL by the defendant, Louis Adler, from that portion of an order of the Supreme Court, made at the New York Special

Term on the 27th day of June, 1888, and entered in the office of the clerk of the county of New York, sustaining the exception of the plaintiffs to the allowance by the referee of commissions to the defendant as assignee.

*A. Blumenstiel,* for the appellants.

*F. Bien,* for the respondents.

VAN BRUNT, P. J.:

On the 5th of October, 1883, the firm of Adler Bros. & Newbower made an assignment for the alleged benefit of their creditors to the defendant Louis Adler. An action having been brought by the plaintiffs to set aside the assignment, such proceedings were had that a judgment was entered therein on the 24th of May, 1886, setting the same aside, and appointing a receiver and a referee to take and state the accounts of the assignee. Such proceedings were subsequently had that in February, 1888, the referee made a report, to a portion of which report exceptions were filed, and in June, 1888, an order was entered confirming the report except as to that part thereof which allowed the assignee's commissions. An appeal was taken from that portion of the order which disallowed the commissions, and nearly six years thereafter the appeal seems to be brought on for argument.

Although it is stipulated by the counsel for the respondents and appellants that the papers presented upon this appeal contain all the papers upon which the court below acted in making the order, it is apparent that such is not the case ; and there is nothing presented upon this record which shows that the court was wrong in the conclusion which it reached.

It is true that the record states that the only question before the court on this appeal is whether the assignee is entitled to commissions as such, where the assignment is set aside on the ground of the assignor's fraud only, but it does not appear from the papers before us whether any such record was presented to the court below or not, and, therefore, the order should be affirmed, with costs.

O'BRIEN and FOLLETT, JJ., concurred.

Order affirmed, with costs.