EDITH MASON FAXON, Respondent, *v.* JOHN MASON, Appellant; JOHN OSCAR BALL, Respondent.

*Assignment for the benefit of creditors — successful action to set it aside — the assignor cannot attack an order affecting only the receiver — who may object to counsel fees of assignee — assignor to be heard.*

In an action brought to set aside a general assignment for the benefit of creditors made by the defendant, the assignor, to which action the assignee was also a party, the plaintiff succeeded, and the court after judgment made an order directing a receiver, appointed in the matter, to make certain payments; the order also contained a provision that in case the receiver failed to make any of the payments after personal demand a warrant of commitment should issue pursuant to section 2268 of the Code of Civil Procedure.

*Held,* that the assignor was not affected by this provision of the order, and could not attack it although the receiver might have done so.

*Semble,* that where the plaintiff, in an action to set aside an assignment as fraudulent and void as against creditors, has been successful the assignee is not entitled to be allowed disbursements incurred by him for counsel fees after the action was brought to set aside the assignment, if the plaintiff objects, but the assignor, whose acts have been adjudged fraudulent, cannot prevent his innocent assignee from recouping such payments incurred by him in good faith and in the performance of his duty under the assignment.

The assignor is, however, entitled to have all of the estate assigned used to reduce the plaintiff's judgment, and is, therefore, entitled to be heard upon the question of the amount paid by the assignee for counsel fees, and to insist that it shall be reasonable and shall rest upon proper proof of the value of the services rendered.

APPEAL by the defendant, John Mason, from an order of the Supreme Court, made at the New York Special Term on the 24th day of June, 1895, and entered in the office of the clerk of the

county of New York directing the receiver in this action to make certain payments therein specified.

*Franklin Bien*, for the appellant.

*Howard A. Taylor*, for plaintiff, respondent.

*Henry A. Forster*, for respondent Ball.

PARKER, J.:

The appellant Mason made a general assignment for the benefit of his creditors to the defendant Ball June 21, 1892.

Subsequently this action was brought to set aside the assignment on the ground that it was fraudulent and void as against creditors, and it resulted in a judgment in favor of the plaintiff, by which judgment a receiver was appointed, to whom the assignee Ball was directed to pay over the moneys in his hands, amounting to $26,234.35.

Thereafter such judgment was affirmed by the General Term of this court, and later the plaintiff moved the court that the receiver pay over to her the moneys in his hands. The motion resulted in an order that the receiver retain his commissions and disbursements, which were fixed at the sum of $1,348.81; that he pay to the assignee or his attorneys the sum of $3,000; and that he pay over the balance, amounting to $22,239.46, to the plaintiff.

From that order the defendant Mason, who was the assignor in the assignment which was set aside by the judgment, alone appeals. He objects to so much of the order as provides " That in case any of the payments be not made as herein directed after personal demand, a warrant of commitment issue, pursuant to section 2268 of the Code of Civil Procedure." We cannot see that he is in a position to attack this provision of the order, for he is not affected by it in any way. The receiver, against whom this part of the order was directed, would, undoubtedly, have had the right to call it in question, and to have insisted that, before the court could make any adjudication whatever in the matter of contempt, a demand should be made upon him to pay over the money directed by the order of the court to be paid. But the receiver does not appeal, and, as none of the other parties are aggrieved, they have no standing to call it in question.

The appellant's next objection is that, the assignment having been set aside, the assignee was not entitled to the disbursements incurred for counsel fees made by him after the action was brought to set aside the general assignment, and, therefore, that part of the order directing the payment of $3,000 to the assignee or his attorneys was error.

This position the plaintiff could, perhaps, have successfully taken, in view of the authorities which hold that a successful creditor, in an action to set aside an assignment on the ground of fraud, obtains a lien on the whole fund in the assignee's hands, which is superior to the assignee's claim for compensation. (*Dorney* v. *Thacher*, 76 Hun, 361; *Dexter* v. *Adler*, Id. 439; *Mayer* v. *Hazard*, 49 id. 222.)

But the plaintiff, instead of making objection, consented to it, and the question which the appellant presents, therefore, is whether the fraudulent assignor can effectually insist that his innocent assignee shall be deprived of disbursements incurred, in good faith, in the performance of his duty under the assignment.

This question must be answered in the negative, for while the assignment may be fraudulent and void as against creditors, it is good as against the assignor, and the good-faith assignee, who accepts and undertakes the execution of the trust created by the assignment, is entitled to protection as against the assignor.

Whether there was sufficient evidence before the court to justify that portion of the order which fixed the amount of his disbursements at $3,000 constitutes the remaining question.

The position of the respondent Ball that, because the plaintiff would have been entitled to receive under her judgment such portion of the amount as should not have been awarded to the assignee, therefore, her consent deprived the assignor, Mason, of any standing to make objection, is not well taken.

Mason was entitled to have every dollar used in reduction of the plaintiff's judgment which was properly applicable thereto, to the end that his liability thereon should be, to such extent, reduced.

His claim of right to resist an improper allowance to the assignee for disbursements is, therefore, well grounded. As a basis for an adjudication by the court upon the question of disbursements, there was presented the affidavit of the assignee, Ball, giving a detailed

account of the progress of the litigation to which he was a party, together with the affidavit of one of his attorneys, reciting the character and extent of the work performed by them as counsel to the assignee, the value of their services, and the amount which they had received from the assignee on account.

The assignor, Mason, appeared by his attorney, who also filed an affidavit made by himself, but he did not therein question the value of the services of the counsel for the assignee.

Nor does it appear from this record that any evidence whatever was offered by Mason or his attorney challenging the affidavit of Ball's counsel as to value. In view, therefore, of the evidence before the court on the motion touching the subject of compensation of counsel, it was fully justified in fixing the amount at $3,000.

The order should be affirmed, with ten dollars costs and printing disbursements.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.