(108 App. Div. 147.)

### ECCLESTON et al. v. SANDS.

(Supreme Court, Appellate Division, Third Department. October 24, 1905.)

1. PRINCIPAL AND SURETY—CHANGE OF CONTRACT—RELEASE OF SURETY.

Where defendant signed a written order reading: "Please deliver to W. Co. teeth to the amount of $200, said teeth to be consigned and paid for every thirty days as sold. All teeth to be returned on receipt of your order and placed to the credit of said W. Company"—the failure of plaintiffs to demand from the company either an account of sales made every 30 days or payment for the amount so made did not change materially the terms of the contract, so as to release defendant as surety thereon.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Principal and Surety, §§ 299, 299½, 320.]

2. SAME—PAYMENTS—APPLICATION.

Where defendant signed a written order requesting a tooth company to supply a dental company with teeth, the first-named company was entitled to apply payments made to them by the dental company, subsequent to the delivery of the teeth, to other debts owing it by the dental company, where the latter did not otherwise apply them and the failure to apply them to payment of such teeth did not release defendant as surety.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Principal and Surety, § 237.]

Appeal from Chenango County Court.

Action by Charles H. Eccleston and another against J. Fred Sands. Judgment for plaintiffs, and defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Jerome S. Seacord, for appellant.
H. C. Stratton, for respondents.

PARKER, P. J. The action is brought to recover against the defendant upon a written order, signed by him, and of which the following is a copy:

> "Unadilla, N. Y., Aug. 6th, 1902.
> "Union Tooth Co., Oxford, N. Y.—Gentlemen: Please deliver to Winchester Dental Manufacturing Company teeth to the amount of $200.00. Said teeth to be consigned and paid for every thirty days as sold. All teeth to be returned on receipt of your order and placed to the credit of said Winchester Dental Manufacturing Company.
> "Yours most respectfully, J. Fred Sands."

The appellant claims that by the fair construction of such order the defendant undertook, as surety, that if the plaintiffs, who were doing business under the name of "Union Tooth Company," would consign to the Winchester Dental Manufacturing Company $200 worth of teeth, to be sold for them, such company would pay every 30 days for all that were sold during that period, and would return all teeth so received, whenever the plaintiffs demanded such a return, to be placed to the credit of such dental company. He further claims that the defendant being a mere surety under such undertaking, any substantial variance between plaintiffs and the dental company in the terms of such contract operated as a discharge of defendant's liability thereon; that there was such a substantial change, and hence this action cannot be maintained.

Conceding such to be its correct construction, I am unable to discover from this record that any substantial change has ever been made in the terms of this contract between the plaintiffs and the dental company, or anything in the conduct of either with reference thereto which could affect defendant's liability thereunder. Clearly the goods were delivered upon the credit of that order, and no arrangement was made between plaintiffs and the dental company which could operate to change those terms. Indeed, no other arrangement whatever was made between them; nothing whatever was agreed to concerning such teeth, save what was expressed in such order. They went into the possession of the dental company, therefore, and were received by it, under just such terms as the defendant himself specified, and no act appears on the part of the plaintiffs that has changed those terms or the character of its holding. The plaintiffs did not demand from the dental company an account of sales made every 30 days, nor payment for the amounts so made, but permitted the whole amount to be retained by the dental company until in October, 1903, and then demanded from such company payment for all sold and the return of the balance unsold. Such a delay does not violate, or change materially,

the terms of such contract. There is nothing in it that requires plaintiffs to exact an accounting, or enforce a payment, every 30 days. In October, 1903, the plaintiffs received, and credited back to such company, teeth to the amount of $69.95, which, as they claim, left a balance due them of $130.05. This amount, and no more, save the interest accrued thereon, they have recovered against the defendant in this action.

On the construction which the defendant's attorney himself gives to the contract, I am unable to see in what manner the defendant has been discharged from the conceded liability thereby assumed, unless it is found in the further defense he sets up that the claim has been fully paid. As to such defense, the trial court has in effect found, and I think correctly, that no part of the amount received has been paid; also I am, of the opinion that the defendant's claim that payments of cash, which were made by the dental company to the plaintiffs subsequent to the delivery to it of the teeth in question, should have been applied towards the payment for such teeth in those instances where the dental company did not itself apply them elsewhere, is not well taken. The plaintiffs had the right to apply such payments, and did apply them, to other debts which the dental company owed them. Wanamaker v. Powers, 102 App. Div. 485, 490, 93 N. Y. Supp. 19.

The claim that the 300 sets of teeth delivered under this order, or teeth in lieu thereof, had been returned, is not sustained. At least the trial court has so determined, and, although the evidence on that question is quite confusing, I cannot say that it has made a clear error in that respect.

The judgment appealed from must be affirmed, with costs. All concur.