### MARCUS v. LIEBOVITZ.

(Supreme Court, Appellate Term. May 15, 1908.)

GUARANTY—DISCHARGE OF GUARANTOR.

A sale of coal during any month before payment of the previous month's bill is in violation of a guaranty of payment for coal for one year, stipulating that statements shall be rendered the principal the 1st of each month for the account of the preceding month, and that settlements shall be made monthly, in default of which the guaranty shall be void, and renders the guaranty void.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Louis Marcus against Harry Liebovitz. Judgment for plaintiff, and defendant appeals. Reversed, and a new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Ruskay & Ruskay, for appellant.

Gustavus A. Rogers, for respondent.

PER CURIAM. This is the second time this case appears before the Appellate Term. The first trial resulted in a judgment for defendant, which was reversed (107 N. Y. Supp. 597), and the second trial resulted in a judgment for plaintiff.

The defendant, Harry Liebovitz, guaranteed payment, for one year from September 17, 1906, by one Morris Liebovitz, for coal sold to said Morris Liebovitz by plaintiff up to the amount of $300, stipulating, however, that statements should be rendered to Morris Liebovitz the 1st of each month for the account of the preceding month, and that settlements should be made monthly. Morris Liebovitz paid, up to January 1, 1907, everything due on guaranteed account, and plaintiff sues for coal sold between January 7, 1907, and February 7, 1907. The guaranty of defendant, as above intimated, was expressly conditioned upon the rendition to Morris Liebovitz of monthly statements, to be rendered by plaintiff "on the 1st of each and every month for the account of the preceding month, and settlements to be made monthly." It was also provided:

"In default of which conditions, this guaranty is to be null and void."

It seems to be well settled that the terms of a guaranty must be strictly complied with, and "if the terms of credit be longer or shorter than that named by him the guarantor is discharged." Stewart v. Ranney, 26 How. Prac. 279, 283; Walrath v. Thompson, 6 Hill, 540; Leeds v. Dunn, 10 N. Y. 469, 477. What is the fair and reasonable interpretation of the guaranty? Monthly settlements were to be made upon statements rendered on the 1st day of each month for goods delivered during the month immediately preceding. What is the force of the provision that "settlements are to be made monthly"? Obviously, that no goods were to be sold to Morris Liebovitz during any month until he fully paid for the goods delivered for the preceding month, upon the statement rendered on the 1st day of the month. There would be no force in the words "settlements to be made monthly," unless the guaranty were intended to have the meaning just indicated. Any other contention would make these words meaningless, and would enable the plaintiff to sell to Morris Liebovitz after the 1st of every month a considerable amount of coal before payment of the preceding month's bill, and the defendant would be liable for the subsequent purchases simply because a monthly statement had been rendered. The undisputed testimony produced by the defendant shows that it had been a uniform practice of plaintiff to send goods to Morris Liebovitz before payment of the previous month's bill. This was

clearly in violation of the terms of the guaranty, which, therefore, by its terms, became "null and void."

So far as the opinion in the former appeal discloses, the facts in that case did not appear to indicate any dispute as to the preceding months, and this fact is evidently assumed by the respondent as a construction of the guaranty to the effect that prior breaches of the guaranty did not affect its enforceability. Any departure from the terms of the guaranty discharges the obligation of the surety. Peabody v. Boutwell, 69 Hun, 361, 23 N. Y. Supp. 625, affirmed 143 N. Y. 629, 37 N. E. 826. "It is always competent for a guarantor to limit his liability, either as to the time, amount, or parties, by the terms of his contract, and if any such limitation be disregarded by the party who claims under it the guarantor is not bound." Evansville Nat. Bank. v. Kaufmann, 93 N. Y. 273, 279, 45 Am. Rep. 204. A guarantor has the right to prescribe the exact terms upon which he will enter into the obligation, and to insist on his discharge in case those terms are not to be observed. It is not a question whether he is harmed by a deviation to which he has not assented. He may plant. himself upon the technical objection: "This is not my contract." Barns v. Barrow, 61 N. Y. 39, 19 Am. Rep. 247.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.