SILBERSTEIN v. SPIGEL et al.

(Supreme Court, Appellate Term. April 13, 1911.)

GUARANTY (§ 43*)—CONDITION OF CONTINUANCE.

Continuance of defendant's guaranty up to $150 of the account of B. for goods sold to him by plaintiff before a certain time is not conditioned on compliance with the provision that the account shall be settled every month, so that there is no release, though the balance due results from sales covering three months, without any intermediate monthly settlement.

[Ed. Note.—For other cases, see Guaranty, Dec. Dig. § 43.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Solomon Silberstein against Nathan Spigel and another, doing business under the firm name of Spigel Bros. From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and BIJUR, J.

Jacob I. Berman, for appellant.
Stanislaus N. Tuckman, for respondents.

BIJUR, J. This action was brought to recover upon the following guaranty in writing, signed by the defendants and addressed to the plaintiff:

"I hereby guarante the account of Hyman Borendes which shall be for all goods sold by Silberstein to Borendes for the amount of ($150.00) one hundred and fifty dollars up to Nov. 19, 1910 this act. shall be settled every month.
"[Signed]                                    Hyman Spigel Brothers."

As it appeared that plaintiff had not settled the account every month, and that the amount due was a balance resulting from sales covering three months, without any intermediate monthly settlement having occurred, defendants claimed that they were relieved by this divergence from the strict terms of their guaranty. The trial court sustained this view, on the authority of Marcus v. Liebovitz, 59 Misc. Rep. 190, 110 N. Y. Supp. 233.

In the Marcus Case, however, the guarantors had added, after the requirement that there should be a settlement of the account every month: "In default of which condition this guaranty is to be null

and void." Such a stipulation was plain evidence of the intention of the parties that the continuance of the guaranty should be conditioned on monthly settlements—a feature which is lacking in the case at bar.

It is also the settled law of this state that mere indulgence shown by a creditor to the principal debtor, in contradistinction to an agreement of extension, will not relieve the guarantor; and this whether the terms requiring monthly settlements be in the agreement between the debtor and creditor, as in McKecknie et al. v. Ward, 58 N. Y. 541, 17 Am. Rep. 281, or in the agreement of guaranty, as in Eccleston v. Sands, 108 App. Div. 147, 95 N. Y. Supp. 1107, a case almost identical with the one at bar. On the authority of these cases, I find that this judgment must be reversed.

There is some testimony in the case indicating that, even though the partner who signed the guaranty be liable, he had no authority to bind the partnership in this respect. The evidence, however, is not convincing, and on a new trial that point can, no doubt, be cleared up.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.