SOLOMON SILBERSTEIN, Appellant, *v.* NATHAN SPIGEL and HYMAN SPIGEL, Doing Business Under the Firm Name of SPIGEL BROTHERS, Respondents.

(Supreme Court, Appellate Term, May, 1911.)

Guaranty — Construction and operation — Conditional guaranty.

> Where a guaranty of the payment of an account for goods sold up to a certain date contains a provision that the account shall be settled every month, but no provision that in default of monthly settlements the guaranty shall be void, the guarantor is not relieved by the omission to settle monthly.

APPEAL by the plaintiff from a judgment in favor of defendant, rendered in the Municipal Court of the city of New York, borough of Manhattan, first district, dismissing the complaint on the merits.

Jacob I. Berman, for appellant.

Stanislaus N. Tuckman, for respondents.

BIJUR, J. This action was brought to recover upon the following guaranty in writing, signed by the defendants and addressed to the plaintiff:

"I hereby guarantee the account of Hyman Borendes which shall be for all goods sold by Silberstein to Borendes for the amount of ($150.00) One Hundred and fifty dollars up to Nov. 19, 1910 this act. shall be settled every month.
"(Signed) HYMAN SPIGEL BROTHERS."

As it appeared that plaintiff had not settled the account every month, and that the amount due was a balance resulting from sales covering three months without any intermediate monthly settlement having occurred, defendants claimed that they were relieved by this divergence from the strict terms of their guaranty. The trial court sustained this view on the authority of Marcus v. Liebovitz, 59 Misc. Rep. 190.

In the Marcus case, however, the guarantors had added, after the requirement that there should be a settlement of the account every month, " in default of which condition this guarantee is to be null and void." Such a stipulation was plain evidence of the intention of the parties that the continuance of the guaranty should be conditioned on monthly settlements — a feature which was lacking in the case at bar.

It is also the settled law of this State that mere indulgence shown by a creditor to the principal debtor, in contradistinction to an agreement of extension, will not relieve the guarantor, and this whether the terms requiring monthly settlements be in the agreement between the debtor and creditor,

as in McKecknie v. Ward, 58 N. Y. 541, or in the agreement of guarantee, as in Eccleston v. Sands, 108 App. Div. 147 — a case almost identical with the one at bar. On the authority of these cases, I find that this judgment must be reversed.

There is some testimony in the case indicating that even though the partner who signed the guaranty be liable, he had no authority to bind the partnership in this respect. The evidence, however, is not convincing; and, on a new trial that point can, no doubt, be cleared up.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

SEABURY and LEHMAN, JJ., concur.

Judgment reversed.